**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| REDMOND T. BROWN | |
| Plaintiff. | Case No. 1:23-cv-12589 |
| v. | Judge Nancy L. Maldonado |
| PROLOGISTIX, | |
| Defendant. | |

**JOINT [INITIAL] STATUS REPORT**

The parties have conferred as required by Rule 26(f), and jointly submit the following discovery plan. *See* Fed. R. Civ. P. 26(f)(2); Fed. R. Civ. P. 26(f)(3); Fed. R. Civ. P. 16(b). The parties understand that the Court will enter a scheduling order under Rule 16(b)(1), and that the Court will modify any such schedule "only for good cause." *See* Fed. R. Civ. P. 16(b)(4).

1. **The Nature of the Case**
   a. **Attorneys of Record:**

| | |
|---|---|
| **Alexander Taylor, Esq.** (Lead Attorney)<br>SULAIMAN LAW GROUP LTD.<br>2500 South Highland Ave., Suite 200<br>Lombard, IL 60148<br>(630) 575-8181<br>ataylor@sulaimanlaw.com<br>*Attorneys for Plaintiff* | Lucy Bednarek, Bar No. 6269389<br>lbednarek@littler.com<br>Jeronimo Simonovis, Bar No. 6342901<br>jsimonovis@littler.com<br>Littler Mendelson, P.C.<br>321 North Clark Street, Suite 1100<br>Chicago, IL 60654<br>(T): 312.372.5520<br>(F): 312.372.7880<br>*Attorneys for Defendant* |

b.  **Nature of the Claims**:

Plaintiff's lawsuit arises under the Civil Rights Act of 1964, as amended, 42 U.S.C. §1981 ("Section 1981"), Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e et seq. ("Title VII"), seeking redress for Defendants race-based discrimination, race-based harassment, and retaliation under Title VII.

c.  **Major Legal and Factual Issues:**

    i.  Whether the alleged conduct was unwelcome;
    ii.  Whether the work environment was objectively and subjectively offensive;
    iii.  Whether the alleged harassment complained of was based on Race;
    iv.  Whether the alleged discrimination was based on Race;
    v.  Whether the Defendant Retaliated against Plaintiff;
    vi.  Whether Plaintiff complained of Race-based discrimination and harassment;
    vii.  Whether the Plaintiff made complaints of harassment and discrimination.
    viii.  Whether Defendant failed to protect Plaintiff against further harassment and/or discrimination.
    ix.  Whether the alleged conduct was either severe or pervasive;
    x.  Whether there is a basis for employer liability;
    xi.  Whether there was a materially adverse action taken by the employer motivated by unlawful discrimination;
    xii.  Whether Plaintiff was damaged; and
    xiii.  Whether Plaintiff mitigated any damages

d.  **Relief Sought by Plaintiff:**

    i.  Back pay with interest

    ii.  Punitive Damages

    iii.  Compensatory Damages

    iv.  Damages for Emotional Distress

2. **Jurisdiction:**

   a. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331. This

   action is authorized and instituted pursuant to 29 U.S.C. § 201, et. seq.

   b. **Federal Question Statutes**:

   Venue of this action properly lies in the Northern District of Illinois,

   Eastern Division, pursuant to 28 U.S.C. § 1391(b) insofar as Defendant

   operates and transacts business in this judicial district and the events

   giving rise to Plaintiff's claims occurred within this District.


3. **Status of Service**:

   a. Defendant has been served

4. **Consent to Proceed Before a United States Magistrate Judge:**

   Counsel has informed their respective clients about the possibility of
   proceeding before the assigned Magistrate Judge for all purposes, including
   trial and entry of final judgment, and the parties do not unanimously consent
   to that procedure.
   .

5. **Motions:**

   a. **Pending Motions:**

   No pending Motions.

   b. **Defendant's Responsive Pleading:** Plaintiff's Amended Complaint is due to be

   filed on December 15, 2023. Defendant anticipates it will file an answer to the

   complaint but reserves the right to file another type of responsive pleading based

   on the allegations in the Amended Complaint.

6. **Case Plan**

    a. **Proposed Discovery Plan:**

        i. <u>Type of Discovery Needed</u>: the general type of discovery needed;

           1. Written and oral discovery will be needed, including employment documents related to Plaintiff and the alleged harasser, employment policies and trainings, text messages, other electronic communications, witness statements, and damages-related discovery.

           2. Discovery will likely encompass electronically stored information (ESI). The parties have agreed to electronic service and do not anticipate any issues regarding disclosure or discovery of ESI.

           3. At this time, there are no issues or specific agreements regarding claims of privilege or protection of trial preparation materials, except that the parties desire that the Court enter an order regarding a procedure to assert such claims after production pursuant to Federal Rule of Evidence 502(d). The parties anticipate submitting to the Court a proposed Confidentiality Order, which will be based on the Model Confidentiality Order under Form LR 26.2

        ii. <u>Rule 26(a)(1) Initial Disclosures Due</u>: to be exchanged on or before: **January 15, 2024**;

      iii.  Date to Issue Written Discovery: First date by which to issue written discovery; **January 22, 2024.**

      iv.  Deadline to Complete Fact Discovery: **July 7, 2024**

      v.  Expert Discovery: At this time, the parties are unsure about the need for expert discovery and request a status hearing near the completion of fact discovery to advise the Court whether expert discovery is needed;

      vi.  Deadline to File Dispositive Motions: a date for the filing of dispositive motions. **August , 2024**

  b.  **Trial:**

      i.  Jury Demand: indicate whether a jury trial is requested;

          1.  Plaintiff Demands Jury Trial

      ii.  Length of Trial: the probable length of trial.**4-5 Days**

7. **Settlement**

  a.  **Settlement Discussions:** State whether any settlement discussions have occurred.

  b.  Plaintiff made a settlement demand on October 3, 2023. Defendant has not yet responded. **Status:** Describe the status of any settlement discussions.

      i.  The parties are unable to resolve the matter.

  c.  **Settlement Conference:** State whether the parties request a settlement conference.

      i.  The parties do not believe that a settlement conference would be productive at this time.

Respectfully submitted,

*s/ Alexander Taylor*
**Alexander Taylor, Esq**
**Sulaiman Law Group LTD.**
**2500 S. Highland Avenue, Suite 200**
**Lombard, Illinois 60148**

    **Phone (630) 575-8181**
    **ataylor@sulaimanlaw.com**
    *Attorneys for Plaintiff*

/s/*Lucy Bednarek* _____
Lucy Bednarek, Bar No. 6269389
lbednarek@littler.com
Jeronimo Simonovis, Bar No. 6342901
jsimonovis@littler.com
Littler Mendelson, P.C.
321 North Clark Street, Suite 1100
Chicago, IL 60654
(T): 312.372.5520
(F): 312.372.7880
*Attorneys for Defendant*